29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Joe HULETT, Defendant-Appellant.
 No. 93-10680.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 20, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bobby Joe Hulett appeals his conviction following entry of a conditional guilty plea to possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). Hulett contends that the district court erred by denying his motion to suppress. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 On August 1, 1992, Park Service Ranger Robert Carnes stopped Hulett for "tailgating" in the Lake Mead National Resource Area. Although Carnes told Hulett to stay in the truck, he exited and started walking toward Carnes. While Carnes talked to Hulett near the rear of Hulett's pickup truck, Ranger Thomas Valenta arrived and went to the driver's side of the truck to talk to Hulett's passenger. Through the open window of the truck, Valenta saw a rifle between the seats. He could not tell whether the gun was loaded by looking at it. Concerned for the safety of himself and Carnes, Valenta decided to remove the rifle to see whether it was loaded.
 
 
 5
 Valenta ordered the passenger out of the truck, opened the door of the truck, and reached in to retrieve the rifle. Valenta saw .22 caliber ammunition and two shotgun shells on the console between the passenger's and driver's seats as he leaned inside the truck. Exiting the truck with the rifle, Valenta also noticed an inch or inch and a half of "a smoothly-sanded, well-cared-for piece of wood" protruding from a white towel behind the driver's seat. Based upon his training as a firearms instructor and his experience seizing approximately twenty sawed-off shotguns, Valenta believed the piece of wood was the butt of a gun. Valenta found a sawed-off shotgun underneath the towel.
 
 II
 Analysis
 
 6
 We review de novo the lawfulness of a search and seizure, and for clear error the district court's findings of fact. United States v. Huffhines, 967 F.2d 314, 316 (9th Cir.1992).
 
 
 7
 The search of the passenger compartment of an automobile is permissible if a police officer reasonably believes that a suspect poses a danger and might gain immediate control of weapons. Michigan v. Long, 463 U.S. 1032, 1049-50 (1983). The court noted that the "danger may arise from the possible presence of weapons in the area surrounding a suspect." Id. at 1049; see also Pennsylvania v. Mimms, 434 U.S. 106, 112 (1977) (observation of bulge in suspect's jacket permits officer to conclude that suspect "was armed and thus posed a serious and present danger to the safety of the officer"). In general, a protective search "must be strictly 'limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby'." Minnesota v. Dickerson, 113 S.Ct. 2130, 2136 (1993) (quoting Terry v. Ohio, 392 U.S. 1, 26 (1968)).
 
 
 8
 Police officers may seize evidence under the plain view doctrine if: (1) the evidence is in plain view, (2) its incriminating character is immediately apparent, and (3) the officer had a legitimate right of access to the object. Horton v. California, 496 U.S. 128, 136-37 (1990).
 
 
 9
 Hulett contends first that Valenta was not legitimately in the truck when he saw the shotgun. We disagree. Before entering the truck, Valenta observed a rifle inside the truck next to Hulett's passenger. The potentially loaded gun within easy reach of Hulett's passenger raised a justifiable and reasonable concern that the passenger posed a "serious and present danger" to Valenta's safety. See Mimms, 434 U.S. at 112; see also Long, 463 U.S. at 1049. Valenta acted reasonably when he ordered the passenger out of the truck. See Mimms, 434 U.S. at 111 (officer may order driver out of car during a traffic stop). Hulett's thesis that he and his passenger were not dangerous because they had no immediate access to the rifle is flawed. See Long, 463 U.S. at 1032 (suspect may "break away from police control" or reenter the vehicle after the police encounter ends). Finally, Valenta's entry into the truck and seizure of the rifle in order to see if it was loaded were "a limited intrusion designed to insure his safety," and therefore were reasonable. See Adams v. Williams, 407 U.S. 143, 148 (1972) (officer acted reasonably in reaching into waistband of suspect's pants and retrieving gun based on informant's tip).
 
 
 10
 Dismissing Valenta's testimony, Hulett next contends that the incriminating nature of the shotgun was not immediately apparent. On the contrary, given Valenta's weapons training and his previous seizures of other sawed-off shotguns, we see nothing inherently unbelievable about his uncontradicted testimony. Moreover, the presence of shotgun shells in the truck alerted Valenta to the possible presence of a shotgun in the truck. Accordingly, the district court did not clearly err in accepting Valenta's testimony. See Huffhines, 967 F.2d at 316. Because Valenta discerned that the towel covered a gun, the gun's seizure was justified under the plain view doctrine, see Horton, 496 U.S. at 136, and as a protective search that was limited to the discovery of weapons that might be used to harm the officers or others nearby, see Terry, 392 U.S. at 26.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3